Jyotin Hamid (jhamid@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-1031

Carmela Huang (chuang@urbanjustice.org)
David Colodny (dcolodny@urbanjustice.org)
URBAN JUSTICE CENTER
123 William Street, 16th Floor
New York, NY 10038
Tel: (646) 602-5600

*Attorneys for Plaintiff Marichu de Sesto*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
MARICHU DE SESTO,                        :
                                         :
              Plaintiff,                 :
                                         :
         v.                              :    **COMPLAINT**
                                         :
ELYSE SLAINE and DAVID SLAINE,           :    Civil Action No.
                                         :
              Defendants.                :
                                         :
---------------------------------------- x

Plaintiff Marichu de Sesto, by her undersigned attorneys, brings this action under federal and state labor laws to recover lawful wages arising out of her employment by Defendants Elyse Slaine and David Slaine, plus liquidated damages, interest, attorneys' fees, and the costs of this action.

### PRELIMINARY STATEMENT

1. Plaintiff Marichu De Sesto served as a nanny and housekeeper for Defendants Elyse Slaine and David Slaine beginning around July 2000. Throughout her employment, Ms. De Sesto maintained a rigorous schedule, working on average between sixty-five and seventy-five hours per week.

2. After nearly fourteen years of service, Ms. De Sesto was abruptly dismissed by Ms. Slaine on or about May 16, 2014 after she requested medical leave.

3. Throughout her entire employment, Ms. De Sesto received no overtime pay despite the fact that she consistently worked in excess of forty (40) hours per week. Moreover, at the time her employment was terminated, Ms. De Sesto had yet to receive any wages for the entire month of May 2014. Despite Ms. De Sesto's repeated requests to Ms. Slaine to be paid her wages for that time period, Ms. Slaine has never paid her those wages.

4. Accordingly, Ms. De Sesto brings claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and seeks compensatory and liquidated damages, interest, declaratory relief as well as attorneys' fees and costs associated with this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and § 1337.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as these claims are so closely related to Plaintiff's federal claims that they form parts of the same case or controversy.

7. This Court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

8. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) in that the unlawful actions complained of occurred, and the relevant records to such practices are maintained, in this District.

## THE PARTIES

9. Plaintiff Marichu De Sesto, an individual residing in New Jersey, was employed as a nanny and housekeeper for Defendants, beginning around July 2000.

10. Defendant Elyse Slaine resides at 925 Park Avenue, New York, New York and owns a summer home at 37 Jule Pond Drive, Southampton, New York.

11. At all relevant times until Ms. De Sesto's termination around May 16, 2014, Defendant Elyse Slaine was Ms. De Sesto's employer within the meaning of 29 U.S.C. § 201 et seq. and NYLL §§ 2, 190 and 651.

12. Defendant David Slaine resides at 3737 Collins Avenue, Miami Beach, Florida.

13. At all relevant times until the Slaines' separation and Mr. Slaine's departure from the Park Avenue residence in or around Fall 2010, Defendant David Slaine was Ms. De Sesto's employer within the meaning of 29 U.S.C. § 201 et seq. and NYLL §§ 2, 190 and 651.

## STATEMENT OF FACTS

14. Defendants Elyse Slaine and David Slaine hired Marichu De Sesto on or around July 10, 2000 to work as a nanny for her daughter and to serve as a housekeeper in their Park Avenue residence and Hamptons summer home.

15. At the time of hiring, Defendants orally agreed with Ms. De Sesto that she would receive ten days of paid vacation per year; holiday pay of double her daily rate for work performed on the Fourth of July, Thanksgiving, Christmas, and New Year's Day; and an annual bonus. At no time did Defendants mention the number of hours Ms. De Sesto was expected to work; nor did they state that the agreed salary would cover overtime pay.

16. From approximately June 2007 through December 2013, Ms. De Sesto regularly worked five days a week. From Memorial Day to Labor Day of each year (the "summer

3

months"), Ms. De Sesto normally worked from Wednesday through Sunday. During all other times (the "non-summer months"), Ms. De Sesto worked from Monday through Friday.

17. For the majority of this period, Ms. De Sesto was paid $170/day. On or around September 1, 2013, Ms. De Sesto's daily wage was increased to $200/day.

18. On or around January 21, 2014 until approximately May 16, 2014, Ms. De Sesto regularly worked four days per week, Tuesday through Friday.

19. During the non-summer months, Ms. De Sesto would start the first day of her work week at approximately 9:30am and work continuously until approximately 10:30pm. On all other days except Fridays, Ms. De Sesto worked from approximately 6:45am to approximately 10:30pm. On Fridays, Ms. De Sesto worked from approximately 6:45am to approximately 5:30pm.

20. During the summer months, Ms. De Sesto would start the first day of her work week at approximately 12pm and work continuously until approximately 10:30pm. On Thursdays, Ms. De Sesto worked from approximately 7am until approximately 10:30pm. On Fridays and Saturdays, Ms. De Sesto worked from approximately 7am until approximately 11:30pm. On Sundays, Ms. De Sesto worked from approximately 7am until approximately 5:30pm.

21. Ms. De Sesto's daily duties consisted of cleaning, including mopping, doing dishes, emptying trash, and dusting all surfaces of Defendants' Park Avenue duplex, or Southampton house of six bedrooms or more, multiple times a day; washing and ironing the clothes and bedsheets of all members of Defendants' household and guests; feeding and administering medication to Defendants' dogs; running errands for all members of Defendants' household and guests, including purchasing groceries, cosmetics and other items, filling

prescriptions at the drugstore, and serving as a courier for documents; cooking meals, or plating and serving take-out meals, for all members of Defendants' household and guests; and turning down Defendants' bed at night.

22. As a condition of her employment, Ms. De Sesto was required to sleep overnight at Defendants' homes on work days.

23. On most work days, Ms. De Sesto slept in a guest bedroom that was shared with Defendants' second housekeeper, with whom Ms. De Sesto overlapped two days per week. On the occasions when Ms. De Sesto worked late on the last night of her work week, Ms. De Sesto would sleep on the sofa.

24. Throughout the fourteen years of her employment, Ms. De Sesto has maintained and paid rent on her own residence in New Jersey, which is the address Ms. De Sesto uses for receiving mail and all other official purposes. Ms. De Sesto's personal property was almost exclusively kept at her residence in New Jersey.

25. On non-work days, sick days, and/or vacation days, Ms. De Sesto was not welcome to remain at Defendants' homes and therefore had no choice other than to maintain her own New Jersey residence.

26. Beyond several changes of clothes and medications, Ms. De Sesto was not permitted to keep a large number of personal belongings in Defendants' homes.

27. Ms. De Sesto was not permitted to have visitors, including family members, when staying at Defendants' homes.

28. Although Ms. De Sesto slept in Defendants' Park Avenue home and at the Hamptons house during the summer months, she never intended to establish residence in New

5

York or in either of those properties. Ms. De Sesto considered her New Jersey residence to be her home.

29. Both the FLSA and the New York Labor Law require that employers pay their employees one and one-half (1 and 1/2) times their regular rate for all hours worked in excess of 40 during a work week.

30. Despite regularly working in excess of 40 hours per week, Ms. De Sesto never received any overtime compensation from Defendants for her overtime work.

31. As of April 9, 2011, under New York state law, employers must provide employees with accurate paystubs each time they pay wages.

32. These paystubs must meet the requirements of NYLL§ 195(3) by including information on, *inter alia*, the dates covered by the pay period; rate of pay and basis thereof, whether paid by the hour, shift, day, week, or other; the regular hourly rate; the overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked.

33. Defendants failed to provide any paystubs to Ms. De Sesto throughout her employment.

34. The New York Labor Law also requires that manual workers be paid on a weekly basis.

35. At all relevant times, Defendants would frequently wait at least two weeks before paying Ms. De Sesto her wages. After the Slaines' separation in or around Fall 2010, Ms. Slaine would frequently wait one month or more before paying Ms. De Sesto her wages.

36.     On or around May 16, 2014, after nearly fourteen years of service, Ms. De Sesto was summarily dismissed by Defendant Elyse Slaine.[1]

37.     At the time her employment was terminated on or around May 16, 2014, Ms. De Sesto had not yet received any of her wages for the month of May. She has still not received those wages.

## CAUSES OF ACTION

### COUNT 1

*Claim for Unpaid Overtime Wages Under the Fair Labor Standards Act*
*(against Defendants Elyse Slaine and David Slaine)*

38.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

39.     At all times relevant to this action, Plaintiff was employed by Defendant Elyse Slaine and/or Defendant David Slaine within the meaning of 29 U.S.C. § 203.

40.     At all times relevant to this action, Defendant Elyse Slaine was Ms. De Sesto's employer within the meaning of 29 U.S.C. § 201 et seq.

41.     At all relevant times until the Slaines' separation and Mr. Slaine's departure from the Park Avenue residence in or around Fall 2010, Defendant David Slaine was Ms. De Sesto's employer within the meaning of 29 U.S.C. § 201 et seq.

---

[1] Ms. De Sesto believes that her employment was terminated because of her actual or perceived health condition and in retaliation for requesting medical leave. There is a dispute, however, about whether Defendant Elyse Slaine employed the requisite four or more individuals in order to be covered by the New York State and City Human Rights Laws. It is undisputed that Ms. Slaine employed at least three individuals. Ms. Slaine has represented through counsel that the caretaker for her Hamptons home, a potential fourth employee, was only an "independent contractor." To the extent that subsequent discovery reveals this classification to be improper, Ms. De Sesto reserves the right to amend the complaint and add causes of action for disability discrimination in violation of the New York State and City Human Rights Laws and to add a jury demand with respect to such claims.

42. Defendants willfully failed to pay Plaintiff overtime wages at a rate of one and one-half times her regularly rate of pay for each hour worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(l).

43. Defendants' violations of the FLSA, as described above in this complaint, were willful and intentional.

44. Due to Defendants' violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages and an amount equal in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. § 216(b), and pre-judgment interest, in an amount to be determined at trial.

## COUNT 2

*Claim for Unpaid Overtime Wages Under New York Labor Law*
*(against Defendants Elyse Slaine and David Slaine)*

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

46. At all relevant times to this action, Plaintiff was employed by Defendant Elyse Slaine and/or Defendant David Slaine within the meaning of NYLL §§ 2(16), 190(2) and 651(5).

47. At all times relevant to this action, Defendant Elyse Slaine was an employer within the meaning of NYLL §§ 2(6), 190(3) and 651(6).

48. At all relevant times until the Slaines' separation and Mr. Slaine's departure from the Park Avenue residence in or around Fall 2010, Defendant David Slaine was an employer within the meaning of NYLL §§ 2(6), 190(3) and 651(6).

49. Defendants willfully failed to compensate Plaintiff overtime wages at a rate of one and one-half times her regular rate of pay for each hour worked in excess of forty hours per

week, in violation of the New York Labor Law and accompanying regulations, including 12 N.Y.C.R.R. §§ 142-2.2.

50. Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

51. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants her unpaid overtime wages and an amount equal to twenty-five percent of all unpaid overtime wages prior to April 9, 2011 and equal to one-hundred percent of all unpaid overtime wages for all violations occurring after April 9, 2011 in the form of liquidated damages, as well as attorneys' fees, costs of this action, and pre-judgment interest, all in an amount to be determined at trial.

### COUNT 3

*Claim for Defendant's Failure to Pay Wages Under New York Labor Law*
*(against Defendant Elyse Slaine)*

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

53. At all times relevant to this action, Plaintiff was employed by Defendant Elyse Slaine within the meaning of NYLL §§ 2(16), 190(2) and 651(5).

54. At all times relevant to this action, Defendant Elyse Slaine was an employer within the meaning of NYLL §§ 2(6), 190(3) and 651(6).

55. Defendant failed to pay Plaintiff for all of the time she was employed in May 2014, in violation of NYLL § 191.

56. Defendant's violations of the New York Labor Law, as described in the complaint, were willful and intentional.

57. Due to Defendant's violations of the New York Labor Law, Plaintiff is entitled to recover from Defendant her unpaid earned wages and an amount equal to one-hundred percent of all unpaid earned wages in the form of liquidated damages, as well as attorneys' fees, costs of this action, and pre-judgment interest, all in an amount to be determined at trial.

### COUNT 4

*Claim for Defendant's Failure to Provide Paystubs Under New York Labor Law*
*(against Defendant Elyse Slaine)*

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

59. At all times relevant to this action, Plaintiff was employed by Defendant Elyse Slaine within the meaning of NYLL §§ 2(16), 190(2) and 651(5).

60. At all times relevant to this action, Defendant Elyse Slaine was an employer within the meaning of NYLL §§ 2(6), 190(3) and 651(5).

61. Defendant failed to provide full and accurate paystubs to Plaintiff each time Defendant paid wages to Plaintiff on and after April 9, 2011 in violation of NYLL § 195(3).

62. Defendant's violations of the New York Labor Law, as described in the complaint, were willful and intentional.

63. Due to Defendant's violations of the New York Labor Law, Plaintiff is entitled to recover from Defendant $100 per week for the duration of Defendant's violation of NYLL § 195(3), as well as reasonable attorneys' fees, costs of the action, and pre-judgment interest all in an amount to be determined at trial.

## COUNT 5

*Claim for Defendant's Breach of Contract*
*(against Defendant Elyse Slaine)*

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

65. Around July 2000, Plaintiff and Defendant Elyse Slaine agreed and assented that Defendant would provide Plaintiff an annual bonus for her services as a housekeeper and nanny.

66. In the year 2013, Plaintiff fully performed her obligations pursuant to her agreement with Defendant; however, Plaintiff received no annual bonus for this work.

67. By failing to pay Plaintiff her annual 2013 bonus, Defendant breached the agreement between the parties.

68. On or about September 1, 2013, Plaintiff and Defendant Elyse Slaine agreed and assented that Defendant would compensate Plaintiff for her services as a housekeeper and nanny at a daily wage of $200/day.

69. In May 2014, Plaintiff worked approximately 10 days during which she fully performed her obligations pursuant to her agreement with Defendant; however Plaintiff received no pay for this work.

70. By failing to pay Plaintiff for the services she performed, Defendant breached the agreement between the parties.

71. As a direct result of this breach of the agreement, Plaintiff has been damaged by Defendant in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a. Declaring Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the FLSA, the New York Labor Law and its regulations;

b. Awarding Plaintiff unpaid overtime wages due under the FLSA, the New York Labor Law and its regulations;

c. Awarding Plaintiff damages for her unpaid earned wages;

d. Awarding Plaintiff damages for failure to provide paystubs as required by the Wage Theft Prevention Act;

e. Awarding Plaintiff damages for breach of contract;

f. Awarding Plaintiff liquidated damages;

g. Awarding Plaintiff pre-judgment and post-judgment interest;

h. Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

i. Permanently enjoining Defendants against future violations of the FLSA and the New York Labor Law and its regulations; and

j. Awarding such other and further relief to Plaintiff as this Court deems necessary and proper.

Dated: February 17, 2015
New York, New York

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

Jyotin Hamid (jhamid@debevoise.com)
919 Third Avenue
New York, New York 10022
Tel: (212) 909-1031

URBAN JUSTICE CENTER

By: _____
Carmela Huang (chuang@urbanjustice.org)
David Colodny (dcolodny@urbanjustice.org)
123 William Street, 16th Floor
New York, NY 10038
Tel: (646) 602-5600

*Attorneys for Plaintiff Marichu de Sesto*

12