UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARICHU DE SESTO,

               Plaintiff,

   -v-

ELYSE SLAINE and DAVID SLAINE,

               Defendants.
------------------------------------------------------------------------X

Case Number:

15-cv-01118 (AJN)

**DAVID SLAINE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant David Slaine ("Defendant" or "Mr. Slaine"), for his Answer and Affirmative Defenses to the Complaint (the "Complaint"), states and alleges as follows:

### RESPONSE TO PRELIMINARY STATEMENT

1. Defendant denies the allegations contained in paragraph 1 of the Complaint, except admits that Marichu De Sesto ("Plaintiff" or "Ms. De Sesto") began working for Defendant in or around July 2000.

2. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. The statements set forth in paragraph 4 of the Complaint are not statements of fact and as such do not require that Defendant admits or denies such statements. To the extent that paragraph 4 of the Complaint requires a response, Defendant denies the allegations set forth in paragraph 4 of the Complaint.

### RESPONSE TO JURISDICTION AND VENUE

5. Defendant neither admits nor denies the allegations contained in paragraph 5 of the Complaint in that paragraph 5 calls for a legal conclusion.

6. Defendant neither admits nor denies the allegations contained in paragraph 6 of the Complaint in that paragraph 6 calls for a legal conclusion.

7. Defendant neither admits nor denies the allegations contained in paragraph 7 of the Complaint in that paragraph 7 calls for a legal conclusion.

8. Defendant neither admits nor denies the allegations contained in paragraph 8 of the Complaint in that paragraph 8 calls for a legal conclusion.

## RESPONSE TO PARTIES

9. Defendant denies the allegations contained in paragraph 9 of the Complaint, except admits that Plaintiff began working for Defendant in or around July 2000.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint, except admits that, upon information and belief, Ms. Slaine resides at 925 Park Ave., New York, NY and owns a property at 37 Jule Pond Drive, Southampton, NY.

11. To the extent that paragraph 11 calls for a legal conclusion, Defendant is not required to respond. Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

## RESPONSE TO STATEMENT OF FACTS

14. Defendant denies the allegations contained in paragraph 14 of the Complaint, except admits that Plaintiff began working for Defendant in or around July 2000.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint, except admits that prior to Defendant's separation from Ms. Slaine, Plaintiff would, not all on a daily basis, purchase groceries for Defendant using Defendant's credit card, do light laundry, light housekeeping, cook dinner for Defendant on a rare occasion, and fed Defendant's dogs once or twice a day on the days that Plaintiff worked by herself.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint, except admits that Plaintiff was required to sleep overnight at Defendant's home when Plaintiff worked a day and was scheduled to work for Defendant the next day.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except Defendant states that Plaintiff regularly received mail and packages addressed to Plaintiff delivered to Defendant's residence during the time period that Defendant lived at 925 Park Avenue and filled a large dresser and a large closet with personal belongings at 925 Park Avenue prior to Defendant moving out of the 925 Park Avenue residence in 2008.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except Defendant states that regardless of Plaintiff's intent, Plaintiff did reside at Defendant's home prior to Defendant separating from Ms. Slaine and moving out of 925 Park Avenue in 2008.

29. To the extent that paragraph 29 calls for a legal conclusion, Defendant is not required to respond. Defendant denies the remaining allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. To the extent that paragraph 31 calls for a legal conclusion, Defendant is not required to respond.

32. To the extent that paragraph 32 calls for a legal conclusion, Defendant is not required to respond.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. To the extent that paragraph 34 calls for a legal conclusion, Defendant is not required to respond.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

## RESPONSE TO COUNT 1

38. Defendant repeats and realleges the above paragraphs as if fully set forth herein.

39. To the extent that paragraph 39 calls for a legal conclusion, Defendant is not required to respond. To the extent that a response is required, Defendant denies the remaining allegations contained in paragraph 39 of the Complaint.

40. To the extent that paragraph 40 calls for a legal conclusion, Defendant is not required to respond.

41. To the extent that paragraph 41 calls for a legal conclusion, Defendant is not required to respond. To the extent that a response is required, Defendant denies the remaining allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

## RESPONSE TO COUNT 2

45. Defendant repeats and realleges the above paragraphs as if fully set forth herein.

46. To the extent that paragraph 46 calls for a legal conclusion, Defendant is not required to respond. To the extent that a response is required, Defendant denies the remaining allegations contained in paragraph 46 of the Complaint.

47. To the extent that paragraph 47 calls for a legal conclusion, Defendant is not required to respond.

48. To the extent that paragraph 48 calls for a legal conclusion, Defendant is not required to respond. To the extent that a response is required, Defendant denies the remaining allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

## RESPONSE TO COUNT 3

52. Defendant repeats and realleges the above paragraphs as if fully set forth herein.

53. To the extent that paragraph 53 calls for a legal conclusion, Defendant is not required to respond. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. To the extent that paragraph 54 calls for a legal conclusion, Defendant is not required to respond.

55. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

## RESPONSE TO COUNT 4

58. Defendant repeats and realleges the above paragraphs as if fully set forth herein.

59. To the extent that paragraph 59 calls for a legal conclusion, Defendant is not required to respond. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60. To the extent that paragraph 60 calls for a legal conclusion, Defendant is not required to respond.

61. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

## RESPONSE TO COUNT 5

64. Defendant repeats and realleges the above paragraphs as if fully set forth herein.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

67. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67.

68. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71.

## AFFIRMATIVE AND OTHER DEFENSES

72. Defendant asserts the following affirmative defenses without assuming any burden of production or proof that he would not otherwise have.

## FIRST AFFIRMATIVE DEFENSE

73. The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

74. Any damages purportedly suffered by Plaintiff are a result of her own action or inaction and/or negligence, or the negligence of third parties beyond Defendant's control.

## THIRD AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred by the equitable doctrines of waiver, latches, estoppel and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

76. At all relevant times during her employment with Defendant, Plaintiff was a live-in domestic worker and therefore was exempt from the New York Labor Law.

## FIFTH AFFIRMATIVE DEFENSE

77. At all relevant times during her employment with Defendant, which ended when Defendant separated from Ms. Slaine and moved out of the 925 Park Avenue residence in 2008, Plaintiff was not entitled to overtime payment pursuant to the New York Labor Law.

## SIXTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations pursuant to 29 U.S.C §§ 255-256 and/or New York Labor Law.

## SEVENTH AFFIRMATIVE DEFENSE

79. Defendant at all relevant times, and in all manners, acted in accordance with any and all duties and obligations he may have had under the FLSA and/or New York Labor Law.

## EIGHTH AFFIRMATIVE DEFENSE

80. Plaintiff cannot establish that any acts or omissions were willful under the FLSA or the New York Labor Law.

### NINTH AFFIRMATIVE DEFENSE

81. Any recovery by Plaintiff should be limited to the extent Plaintiff has failed to mitigate any of the damages alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred due to the live-in domestic service employee exemption or other statutory exemptions to the FLSA and/or New York state law.

### ELEVENTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred in whole or in part as Plaintiff earned more than minimum wage for every hour that she worked during the relevant time period.

### TWELFTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims are barred in whole or in part based upon the "fluctuating work week" doctrine and method of pay calculation.

### THIRTEENTH AFIRMATIVE DEFENSE

85. This court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

86. Plaintiff is not entitled to some or all of the relief sought under the doctrine of consent.

### FIFTEENTH AFFIRMATIVE DEFENSE

87. Defendant states, in the alternative, if necessary, that any actions taken with respect to Plaintiff were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or

policy, and/or with reasonable grounds to believe such conduct complied with the FLSA and/or New York Labor Law or interpretations of those statutes.

### SIXTEENTH AFFIRMATIVE DEFENSE

88. To the extent that Plaintiff and Defendant entered into an agreement, Plaintiff's claims are barred as she was the first breaching party.

### SEVENTEENTH AFFIRMATIVE DEFENSE

89. To the extent that Plaintiff entered into an agreement with Defendant, Plaintiff's claims are barred due to Plaintiff's fraud in the inducement.

### EIGHTEENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred due to the doctrine of accord and/or satisfaction.

### NINETEENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred due to her own intentional misrepresentations.

### TWENTIETH AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred by the doctrine of avoidable consequences.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred to the extent that she has waived the right of recovery.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

94. Defendant is entitled to any and all offsets and/or set offs permissible by law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred due to the statute of frauds.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims are barred due to mutual release.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

97.     Plaintiff's claims are barred due to the *de minimis* rule.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

98.     Plaintiff's claims are barred due to *res judicia* and/or collateral estoppel.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

99.     Plaintiff's claims are barred because Plaintiff was compensated for every hour worked.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

100.    Plaintiff's claims are barred because the parties had a clear mutual understanding that the amounts paid to Plaintiff were for all hours worked.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

101.    Plaintiff's claims are barred by the doctrine of abandonment.

### THIRTIETH AFFIRMATIVE DEFENSE

102.    Plaintiff's claims are barred by the doctrine of *In Pari Delicto*.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

103.    Because Plaintiff's Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

1. Denying the allegations and claims for relief in Plaintiff's Complaint, dismissing Plaintiff's Complaint and all claims and causes at action therein with prejudice; and

2. For such other relief as the Court may deem just and proper.

Dated: April 22, 2015

> MEISTER SEELIG & FEIN LLP
>
> _____
> Jeffrey A. Kimmel
> Mitchell Schuster
> Howard Davis
> 125 Park Ave., 7th Floor
> New York, NY 10017
> (212) 655-3500
> *Attorneys for Defendant David Slaine*

TO:   *Counsel of Record via ECF*