**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| MARICHU DE SESTO, | X<br>: |
|  | : |
| Plaintiff, | : |
| v. | :    15 Civ. 1118 (AJN)(JCF) |
| ELYSE SLAINE, | : |
| Defendants. | :<br>x |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO
DISMISS DEFENDANT ELYSE SLAINE'S AMENDED COUNTERCLAIMS
AND MOTION TO STRIKE AFFIRMATIVE DEFENSE NUMBER TWENTY-
FOUR**


Jyotin Hamid (jhamid@debevoise.com)     Carmela Huang (chuang@urbanjustice.org)
Zachary Saltzman     David Colodny (dcolodny@urbanjustice.org)
DEBEVOISE & PLIMPTON LLP     URBAN JUSTICE CENTER
919 Third Avenue     123 William Street, 6th Floor
New York, New York 10022     New York, NY 10038
Tel: (212) 909-1031     Tel: (646) 602-5600


*Attorneys for Plaintiff Marichu de Sesto*

       Dated: New York, New York
       May 9, 2016

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................ 1

    I.     Motion to Dismiss................................................................. 3

          A.    The Legal Standard ...................................................... 3

          B.    The Court Should Dismiss Slaine's Counterclaim for
               Common Law Fraud ..................................................... 3

          C.    The Court Should Also Dismiss Slaine's Counterclaims for
               Unjust Enrichment, Breach of Fiduciary Duty, Conversion,
               and Faithless Servant for Failure to Satisfy Rule 8(a) ................... 6

          D.    Defendant Should Not be Granted Leave to Replead .................. 15

    II.     MOTION TO STRIKE ............................................................. 16

CONCLUSION................................................................................. 17

## **TABLE OF AUTHORITIES**

**CASES**

*Adams v. Labaton, Sucharow & Rudoff LLP*, 07 CIV. 7017 (DAB), 2009 WL
    928143 (S.D.N.Y. Mar. 20, 2009) ................................................................4

*Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392 (S.D.N.Y. 2012) ..........16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................3, 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................3, 4, 8

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
    448 F.3d 573 (2d Cir. 2006)........................................................................7

*Cacchillo v. Insmed, Inc*., 551 Fed. App'x 592 (2d Cir. 2014)........................................4

*Carco Grp., Inc. v. Maconachy*, 383 Fed. Appx. 73 (2d Cir. 2010) ................................12

*Coach, Inc. v. Kmart Corporations*, 756 F. Supp. 2d 421 (S.D.N.Y. 2010) ....................17

*Cognex Corp. v. Microscan Sys., Inc.*, 990 F. Supp. 2d 408 (S.D.N.Y. 2013)..................16

*Cohen v. Cohen*, 993 F. Supp. 2d 414 (S.D.N.Y. 2014)....................................................10

*Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CIV 0400 (NRB), 2008 WL
    4386764 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 Fed. App'x 535 (2d Cir. 2009) ........17

*Crigger v. Fahnestock and Co., Inc.*, 443 F.3d 230 (2d Cir. 2006)................................5, 6

*Delville v. Firmenich Inc.*, 920 F. Supp. 2d 446 (S.D.N.Y. 2013) ..............................9, 10

*Denny v. Barber*, 576 F.2d 465 (2d Cir.1978) ................................................................16

*Dillon v. U–A Columbia Cablevision of Westchester, Inc.*, 740 N.Y.S.2d 396
    (N.Y. App. Div. 2002) ................................................................................7

*Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12 CIV 5105 NRB, 2014
    WL 3950897 (S.D.N.Y. Aug. 13, 2014)......................................................16

*Fada Int'l Corp. v. Cheung,* 57 A.D.3d 406, 870 N.Y.S.2d 23 (1st Dep't 2008)..............14

*Farricker v. Penson Dev., Inc.*, No. 07 Civ. 11191(DAB), 2010 WL 845983
    (S.D.N.Y. Mar. 4, 2010) ........................................................................9, 13

*Feinberg v. Poznek*, 12 Misc. 3d 1185(A) (Sup. Ct. N.Y. County July 5, 2006) ..............10

*Feld v. Feld*, 720 N.Y.S.2d 35 (N.Y. App. Div. 1st Dept. 2001) ......................................11

*Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595 (2d Cir. 1991) .................................8

*Foman v. Davis*, 371 U.S. 178 (1962) ............................................................................15

*Granite Partners, L.P. v. Bear, Stearns & Co.*, 58 F. Supp. 2d 228 (S.D.N.Y.
1999) ........................................................................................................................5

*House of Europe Funding I Ltd. v. Wells Fargo Bank, N.A.*, No. 13-cv-519 (RJS),
2015 WL 1514520 (S.D.N.Y. Mar. 31, 2015) ..............................................................4

*In re Alstom SA*, 454 F. Supp. 2d 187 (S.D.N.Y. 2006) ...................................................17

*In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litig.*, 995
F. Supp. 2d 291 (S.D.N.Y. 2014) ............................................................................4, 5

*In re Dybowski*, No. 07-21152, 2012 WL 1945503 (Bankr. D. Conn. May 30,
2012) .......................................................................................................................9

*In re Luppino*, 221 B.R. 693 (Bankr. S.D.N.Y. 1998) .......................................................9

*Intellivision v. Microsoft Corp.*, 784 F. Supp. 2d 356 (S.D.N.Y. 2011) ......................8, 10

*Irving Trust Co. v. Deutsch*, 73 F.2d 121 (2d Cir. 1934) ...................................................9

*Jose Armando Bermudez & Co. v. Bermudez Intl., Inc.*, 99 CIV. 9346 (AGS),
2001 WL 1382582 (S.D.N.Y. Nov. 6, 2001) ................................................................4

*JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393 (S.D.N.Y. 2004) ......................5

*KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 368 (S.D.N.Y. 2014) ................13

*Kinsey v. Cendant Corp.*, No. 04 Civ. 0582 (RWS), 2004 WL 2591946 (S.D.N.Y.
Nov. 16, 2004) .........................................................................................................9

*Lamdin v. Broadway Surface Adver. Corp.*, 272 N.Y. 133, 5 N.E.2d 66 (1936) ..............13

*Levitch v. Columbia Broad. System, Inc.*, 94 F.R.D. 292 (S.D.N.Y. 1982).....................16

*Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d
160 (2d Cir. 2015)....................................................................................................15

*Mallis v. Bankers Trust Co.*, 615 F.2d 68 (2d Cir. 1980) (Friendly, J.).............................5

*Manufacturers Hanover Trust Co. v. Chem. Bank*, 559 N.Y.S.2d 704 (N.Y. App. Div. 1st Dept. 1990)................................................................................................11

*N.Y. City Educ. Constr. Fund v. Verizon N.Y. Inc.*, 114 A.D.3d 529, 981 N.Y.S.2d 11 (1st Dep't 2014) ............................................................................................5

*Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184 (2d Cir. 2003)............12, 14

*Polanco v. NCO Portfolio Mgt., Inc.*, 23 F. Supp. 3d 363, 370 (S.D.N.Y. 2014) ............11

*Qube Films Ltd. v. Padell*, No. 13-CV-8405, 2014 WL 3952931 (S.D.N.Y. Aug. 12, 2014) ....................................................................................................................8

*Republic of Haiti v. Duvalier*, 626 N.Y.S.2d 472 (N.Y. App. Div. 1st Dept. 1995) ........11

*Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125 (S.D.N.Y. 2014) ................................7

*Rozsa v. May Davis Grp., Inc.*, 187 F.Supp.2d 123 (S.D.N.Y.2002) ...............................16

*Sanders v. Madison Square Garden, L.P.*, No. 06 CIV 589 GEL, 2007 WL 1933933 (S.D.N.Y. July 2, 2007) ........................................................................13, 14

*Schwartz v. Leonard*, 526 N.Y.S.2d 506, 508 (2d Dep't 1988)........................................13

*Spagnola v. Chubb Corp.*, 574 F.3d 64 (2d Cir. 2009)........................................................7

*Stanley v. Skowron*, 989 F. Supp. 2d 356 (S.D.N.Y. 2013) .............................................12

*Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008).................15

*U.S. v. Wells Fargo Bank*, 972 F. Supp. 2d 593 (S.D.N.Y. 2013)......................................7

*United States v. Chesterman*, 947 F.2d 551 (2d Cir. 1991) .............................................10

*Veritas Capital Mgmt. LLC v. Campbell,* 22 Misc.3d 1107(A), 875 N.Y.S.2d 824, 2008 WL 5491146 (Sup.Ct.N.Y.Co.2008) ..................................................................13

*Western Elec. Co. v. Brenner*, 41 N.Y.2d 291, 392 N.Y.S.2d 409, 360 N.E.2d 1091 (1977)..................................................................................................................13

*Williams Trading LLC v. Wells Fargo Securities, LLC*, 553 Fed. App'x 33 (2d Cir. 2014) .......................................................................................................................8

*Xcellence, Inc. v. Arkin Kaplan Rice LLP*, No. 10 CIV. 3304 (HB), 2011 WL 1002419 (S.D.N.Y. Mar. 15, 2011) ..............................................................................9

*Yurman Design, Inc. v. Chaindom Enterprises, Inc.*, No. 99 Civ. 9307 (JFK),
2002 WL 31358991 (S.D.N.Y. Sept. 30, 2002)........................................................17

*Zaretsky v. Gemological Institute of America, Inc.*, No 14. Civ. 1113 (SAS), 2014
WL 1678990 (S.D.N.Y. Apr. 28, 2014)................................................................9

**STATUTES**

29 U.S.C. § 211(c)....................................................................................6, 7, 10, 14

C.P.L.R. 214(3).........................................................................................................11

NY Lab. Law § 195(3)...........................................................................6, 7, 10, 14

**RULES**

Fed. R. Civ. P. 8(a) ...........................................................................................6, 7, 16

Fed. R. Civ. P. 9(b)......................................................................................4, 5, 6, 16, 17

Rule 12(b)(6)..................................................................................................1, 3, 12, 15

Rule 12(f) ................................................................................................................1, 16

Fed. R. Civ. P. 15(a)(2)...........................................................................................15

**OTHER AUTHORITIES**

N.Y. Comp. Codes R. & Regs. tit. 12, § 142–1.1 *et seq*....................................6, 7, 10, 14

Plaintiff Marichu De Sesto submits this memorandum of law in support of her motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Defendant Elyse Slaine's amended counterclaims and her motion pursuant to Rule 12(f) to strike Defendant's affirmative defense number twenty-four.

## PRELIMINARY STATEMENT

On February 17, 2015, Ms. De Sesto filed this action against Defendant Elyse Slaine. *See* Compl., ECF No. 1.[1]  In her complaint, Ms. De Sesto alleged that while employed as a housekeeper and nanny by Defendant from approximately July 2000 until May 2014, she received no overtime pay despite working between sixty-five and seventy-five hours per week throughout her entire employment.  On April 22, 2015, Defendant filed an Answer in which she asserted six counterclaims against Plaintiff.  By order dated March 18, 2016, the Court dismissed Defendant's counterclaims alleging intentional and negligent infliction of emotional distress with prejudice.  Order, ECF No. 46, 18 ("Order").  Additionally, the Court dismissed Defendant's counterclaims alleging fraud, unjust enrichment, breach of fiduciary duty, and civil theft and struck her affirmative defense asserting *in pari delicto* without prejudice granting Slain leave to replead.  Order, 8, 17–18.  On April 1, 2016 Defendant filed her Amended Answer, Affirmative Defenses, and Counterclaims ("Amended Answer") to the Complaint in which she repleads her *in pari delicto* affirmative defense, her counterclaims alleging fraud, unjust enrichment, and breach of fiduciary duty, and asserts new claims for conversion and faithless servant.  Amended Answer, ECF No. 47.

---

[1]   The complaint also named Defendant's former husband David Slaine as a codefendant.  However, David Slaine was dismissed from the case by stipulation of the parties on July 9, 2015.  Dkt. No. 33.

Throughout these proceedings, Defendant has consistently disclaimed actual or constructive knowledge of Ms. De Sesto's work schedule and expenses incurred and admitted that she maintained no contemporaneous records thereof.   Defendant's Memorandum in Opposition, ECF No. 29 ("Opp.") at 8–9, 10, 12 (denying that Defendant was personally aware of Ms. De Sesto's salary, expenses and work schedule); Tr. of Initial Pretrial Confr. at 12 (June 19, 2015) ("Tr.") ("[A]s the plaintiff said, my client did not keep contemporaneous records of hours worked at the time they were worked.").   Nevertheless, Defendant now appends to her Amended Answer two schedules purporting to show, with precision, every day worked by Plaintiff and Plaintiff's corresponding daily wage for a period covering more than five years. Amended Answer ¶ 116, Schedules A–B.   Defendant's claim that she has reconstructed Ms. De Sesto's work schedule over this entire period, with such precision, by resort to text messages and the like oversteps the limits of credulity and does not camouflage the arbitrary nature of her calculations. *Id.* at ¶ 115.   Even if Defendant's calculations are to be credited, they still cannot redeem her misguided counterclaims in light of the fatal deficiencies from which they all still suffer.   Nor can they obscure the fact that Defendant cheated her housekeeper out of thousands of dollars in wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

Defendant's allegations are unsustainable as a matter of law and are being maintained for the sole purpose of harassment and retaliation against Ms. De Sesto for pursuing her legal rights. Plaintiff now moves to dismiss all of Defendant's counterclaims for failing to meet the minimum pleading requirements set forth by the Federal Rules of Civil Procedure and moves to strike affirmative defense number twenty-four for failing to allege any question of fact or law that might allow the defense to succeed and paragraphs 98, 99, and 135–154 of Defendant's

Amended Answer for pleading immaterial, impertinent, and inflammatory factual allegations relating to Defendant's infliction of emotional distress claims that have already been dismissed by the Court with prejudice.  Additionally, Plaintiff requests that the Court order Defendant to replead affirmative defenses two, fifteen, twenty-one, and twenty-three as specific denials in compliance with the Court's Order.

## I.   Motion to Dismiss

### A.   The Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a claimant must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks and citation omitted).  Likewise, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 555.  "If the claimant has not nudged h[er] claims across the line from conceivable to plausible, h[er] claims must be dismissed." *House of Europe Funding I Ltd. v. Wells Fargo Bank, N.A.*, No. 13-cv-519 (RJS), 2015 WL 1514520, at *2 (S.D.N.Y. Mar. 31, 2015) (citing *Twombly*, 550 U.S. at 570 (internal quotation marks omitted)).

### B.   The Court Should Dismiss Slaine's Counterclaim for Common Law Fraud

Despite amending her counterclaims, Slaine still fails to plead elements of common law fraud that satisfy the pleading requirements set forth in Rule 9(b) of the Federal Rules of Civil

Procedure.   Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under New York law, a plaintiff alleging common law fraud must prove five elements by clear and convincing evidence: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of plaintiff; and (5) resulting damage to the plaintiff."  *Cacchillo v. Insmed, Inc*., 551 Fed. App'x 592, 595 (2d Cir. 2014).

The reasonable reliance element of a common law fraud claim is subject to Rule 9(b) and must be alleged with particularity.  *See, e.g.*, *In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litig.*, 995 F. Supp. 2d 291, 312 (S.D.N.Y. 2014) ("To plead common law fraud, a plaintiff must allege with particularity that it actually relied upon the supposed misstatements."); *Adams v. Labaton, Sucharow & Rudoff LLP*, 07 CIV 7017 (DAB), 2009 WL 928143, at *5 (S.D.N.Y. Mar. 20, 2009) (accord); *Jose Armando Bermudez & Co. v. Bermudez Intl., Inc.*, 99 CIV. 9346 (AGS), 2001 WL 1382582, at *3 (S.D.N.Y. Nov. 6, 2001) (accord). This element may not be pled with sufficiency by reference only to the "condition[ ] of a person's mind."  *In re Bear Stearns*, 995 F. Supp. 2d at 313.  Instead, "Courts in this district have consistently held that reliance does not simply involve a state of mind; it involves specific action or inaction, and therefore must be pleaded with particularity."  *Id.* (citing *Granite Partners, L.P. v. Bear, Stearns & Co.,* 58 F. Supp. 2d 228, 258 (S.D.N.Y. 1999)).  Here, the only explanation Defendant has offered for why her reliance on Ms. De Sesto's alleged misrepresentations was reasonable is that "Ms. Slaine accepted the amounts Ms. De Sesto claimed she was due because of the parties' long relationship and in reliance on Ms. De Sesto's presumed honesty and loyalty to Ms. Slaine."  Amended Answer ¶ 132.  Due to the paucity of Defendant's pleadings alone,

Defendant's common law fraud claim should be dismissed for failure to satisfy Rule 9(b)'s pleading requirements.

Defendant's fraud claim should also be dismissed because Defendant has not pled facts under which her reliance on Plaintiff's alleged misrepresentations could plausibly be reasonable. Reasonable reliance entails a duty to investigate the legitimacy of a representation where one is "placed on guard or practically faced with the facts." *Crigger v. Fahnestock and Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006).  When one "has the means of knowing, by the exercise of ordinary intelligence, the truth, or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." *JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 406 (S.D.N.Y. 2004) (quoting *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80-81 (2d Cir. 1980) (Friendly, J.)). *See also N.Y. City Educ. Constr. Fund v. Verizon N.Y. Inc.*, 114 A.D.3d 529, 530, 981 N.Y.S.2d 11 (1st Dep't 2014) (finding reasonable reliance element was not met where plaintiff "fail[ed] to use ordinary intelligence to ascertain the truth of defendant's representations").

Even drawing all reasonable inferences in Defendant's favor and assuming Defendant's allegations to be true, Defendant's reliance on Plaintiff's alleged "misrepresentations and overstatement[s]" cannot be considered remotely reasonable.  Amended Answer, ¶¶ 172.  For almost fifteen years, Ms. De Sesto's job duties required her to work in Defendant's homes, performing intimate household tasks for Defendant and the other members of Defendant's household, often times under Defendant's direct supervision.  Yet "faced with the facts" of Ms. De Sesto's work schedule on a near daily basis, over the course of more than five years, Defendant never once exercised the minimal diligence to inquire into the overpayments she now alleges.  *Crigger*, 443 F.3d at 234.  Moreover, as Ms. De Sesto's employer, Defendant had a

legal duty to at least corroborate Ms. De Sesto working hours and wages. *See* 29 U.S.C. § 211(c) (requiring every employer subject to FLSA to "make, keep, and preserve" records of employee wages, hours, and other conditions); NY Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 142–1.1 *et seq*. Defendant cannot now claim to have been induced by Ms. De Sesto to make weekly overpayments, alleged by Defendant to have sometimes exceeded $2,000 per pay period for a total of more than $50,000, when "the exercise of ordinary intelligence" would have alerted Defendant to the truth of Ms. De Sesto's representations. Where the party "close[s] h[er] eyes to an obvious fraud," reasonable reliance will not be found. *Crigger*, 443 F.3d at 234.

Slaine's "threadbare recitals" and "conclusory statements" that she reasonably relied on Ms. De Sesto's alleged misrepresentations fail to satisfy even the liberal standards of Rule 8(a) let alone the more stringent requirements of Rule 9(b). *See Iqbal*, 556 U.S. at 663. For these reasons, the Court should conclude that Slaine's counterclaim for common law fraud is insufficiently pled and dismiss this claim.

### C. The Court Should Also Dismiss Slaine's Counterclaims for Unjust Enrichment, Breach of Fiduciary Duty, Conversion, and Faithless Servant for Failure to Satisfy Rule 8(a)

#### 1. Slaine's Unjust Enrichment Counterclaim Does Not State a Plausible Claim for Relief

The Court should also dismiss Slaine's counterclaim for unjust enrichment for failure to state a plausible claim for relief. To state a cause of action for unjust enrichment, New York law requires the claimant show that (1) the defendant was enriched; (2) at the plaintiff's expense; and (3) and that "equity and good conscience" demand restitution. *See Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125, 145 (S.D.N.Y. 2014) (citing *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 579 (2d Cir. 2006)).

Defendant's claim that "equity and good conscience" demand restitution is wholly without merit.  Rather, Defendant's unjust enrichment claim is barred by the voluntary payment doctrine.  This doctrine prevents restitution for "voluntary" payments "made with full knowledge of the facts" and with a "lack of diligence."  *Spagnola v. Chubb Corp.*, 574 F.3d 64, 72 (2d Cir. 2009) (quoting *Dillon v. U–A Columbia Cablevision of Westchester, Inc.*, 740 N.Y.S.2d 396, 397 (N.Y. App. Div. 2002) (dismissing unjust enrichment claims where plaintiff voluntarily paid fee "on several occasions without protest despite knowledge of facts suggesting that the fee might be excessive")); *U.S. v. Wells Fargo Bank*, 972 F. Supp. 2d 593, 633 (S.D.N.Y. 2013).  Not only did Slaine have the legal duty to ascertain Plaintiff's working hours and wages, *see* 29 U.S.C. § 211(c); NY Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 142–1.1 *et seq.*, taking the allegations in her Amended Answer as true, she also had the actual ability to do so.  *See* Amended Answer ¶ 116, Schedules A–B.  Yet, Defendant made no effort whatsoever to ascertain Plaintiff's working hours and wages until *after* the Court dismissed her unfounded counterclaims without prejudice.  On Defendant's own case, she exercised a remarkable lack of diligence over a sustained period of over five years with respect to her payments to Ms. De Sesto.  Because Defendant voluntarily paid Ms. De Sesto these sums, yet never once exercised even minimal diligence to estimate the payment amounts based on facts within her own knowledge, Defendant cannot recover under a theory of unjust enrichment.

### 2.  Slaine's Breach of Fiduciary Duty Counterclaim Should be Dismissed for Failure to State a Claim

Slaine's counterclaim for breach of fiduciary duty does not even approach a "possibility" much less a "plausibility of 'entitlement to relief.'"  *Twombly*, 550 U.S. at 557.  A breach of fiduciary duty claim under New York law must establish (1) that the defendant had a fiduciary duty to the plaintiff, (2) that the defendant knowingly breached this duty, and (3) that damages

were the proximate result of the breach.  *See Williams Trading LLC v. Wells Fargo Securities, LLC*, 553 Fed. App'x 33, 35 (2d Cir. 2014).  Defendant fails to establish any of these elements and fails even to plead facts that could establish the *existence* of a fiduciary duty.

Under New York law, a fiduciary duty exists when one is "under a duty to act for or to give advice for the benefit of another upon matters within the scope of relation."  *Id.* (quoting *Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595, 599 (2d Cir. 1991)).  Such relationships require a fiduciary to assume control and responsibility over a dependent party, or undertake to "act primarily for [its] benefit."  *Intellivision v. Microsoft Corp.*, 784 F. Supp. 2d 356, 372 (S.D.N.Y. 2011).  In determining whether a fiduciary relationship exists, courts often examine "whether one person has reposed trust or confidence in another who thereby gains a resulting superiority or influence over the first."  *See Qube Films Ltd. v. Padell*, No. 13-CV-8405, 2014 WL 3952931, at *5 (S.D.N.Y. Aug. 12, 2014) (internal quotation marks and citation omitted). The establishment of a fiduciary relationship often "prevents the weaker party from effectively protecting itself," thereby meriting special protection in the laws.  *Zaretsky v. Gemological Institute of America, Inc.*, No 14. Civ. 1113 (SAS), 2014 WL 1678990, at *3 (S.D.N.Y. Apr. 28, 2014).

Manual workers generally do not have fiduciary relationships with their employers, in the same way that directors and officers do.  *See, e.g.*, *Kinsey v. Cendant Corp.*, No. 04 Civ. 0582 (RWS), 2004 WL 2591946, at *14 (S.D.N.Y. Nov. 16, 2004) (collecting cases limiting the application of fiduciary duties between employees and employers); *In re Dybowski*, No. 07-21152, 2012 WL 1945503, at *12 (Bankr. D. Conn. May 30, 2012) (same); *In re Luppino*, 221 B.R. 693 (Bankr. S.D.N.Y. 1998) (quoting *Irving Trust Co. v. Deutsch*, 73 F.2d 121, 125 (2d Cir. 1934) ("[A] mere employee of a corporation does not ordinarily occupy a position of trust or

confidence toward his employer unless he is also an agent in respect to the matter under consideration.")).  *But see Xcellence, Inc. v. Arkin Kaplan Rice LLP*, No. 10 CIV. 3304 (HB), 2011 WL 1002419, at \*6 (S.D.N.Y. Mar. 15, 2011) (collecting conflicting case law on whether line employees are subject to fiduciary duties).  To the extent any fiduciary duties may run from employees to employers, they are "limited to cases where the employee, acting as the agent of the employer, diverts business opportunities to himself or others to the financial detriment of the employer, or accepts improper kickbacks."  *Delville v. Firmenich Inc.*, 920 F. Supp. 2d 446, 469 (S.D.N.Y. 2013) (quoting *Farricker v. Penson Dev., Inc.*, No. 07 Civ. 11191(DAB), 2010 WL 845983, at \*10 (S.D.N.Y. Mar. 4, 2010)).

In this case, Ms. De Sesto was employed as a nanny and housekeeper, and Defendant fails to allege any specific facts that could possibly support a conclusion that by performing these tasks, Ms. De Sesto entered into a fiduciary relationship with her employer.  Slaine has not alleged that Ms. De Sesto assumed control and responsibility over her or ever acted as her agent in any capacity.  *Delville*, 920 F. Supp. 2d at 469; *Intellivision*, 784 F. Supp. 2d at 372.  Rather, she admits that Ms. De Sesto's employment relationship with Defendant solely entailed the performance of household tasks.  Amended Answer, ¶¶ 21 (admitting that Plaintiff cooked, did laundry, and performed other "housekeeping" chores), 75–77, 105 (characterizing Plaintiff as a "domestic worker" and "domestic service employee").  In a similar factual situation, the New York Supreme Court held that a nanny owed no fiduciary duty to her employers stating:

> Unlike the facts in the above cited cases, where fiduciary relationships existed for the purpose of selling products in the marketplace, obtaining customers, or advising clients on business transactions, the relationship between plaintiff and defendant existed only so defendant could care for plaintiff's children. It follows that defendant did not have a fiduciary relationship with plaintiff.

*See Feinberg v. Poznek*, 12 Misc. 3d 1185(A) at \*3 (Sup. Ct. N.Y. County July 5, 2006).

In this case it was not Ms. De Sesto who exercised "superiority and influence" over Defendant, but rather the opposite was true. *Cohen v. Cohen*, 993 F. Supp. 2d 414, 427 (S.D.N.Y. 2014) (quoting *United States v. Chesterman*, 947 F.2d 551, 568 (2d Cir. 1991)). It was Defendant that had both the ability, and the legal duty, to corroborate Ms. De Sesto working hours and wages. *See* 29 U.S.C. § 211(c); NY Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 142–1.1 *et seq.* (requiring employers to keep records of, inter alia, the hours worked and wages paid to their employees). Because Defendant fails to plead facts establishing a fiduciary relationship with her former housekeeper rather than a mere contractual one, her breach of fiduciary duty must be dismissed.

### 3.   Slaine's Counterclaim for Conversion Should Also be Dismissed for Failure to State a Claim

Slaine has also failed to state a legally sufficient counterclaim for conversion. "The tort of conversion is established when one who owns and has a right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner." *Republic of Haiti v. Duvalier*, 626 N.Y.S.2d 472, 475 (N.Y. App. Div. 1st Dept. 1995). Under New York law, in order to state a claim for conversion the plaintiff must allege that "(1) the party charged has acted without authorization, and (2) exercised dominion or a right of ownership over property belonging to another[,] (3) the rightful owner ma[de] a demand for the property, and (4) the demand for the return [wa]s refused." *Polanco v. NCO Portfolio Mgt., Inc.*, 23 F. Supp. 3d 363, 370 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). *See also Feld v. Feld*, 720 N.Y.S.2d 35, 37 (N.Y. App. Div. 1st Dept. 2001) ("A cause of action for . . . conversion requires a demand for the property and refusal."). "A demand consists of an assertion that one is the owner of the property and that the one upon whom the demand is made has no rights in it other than allowed by the demander."

*Feld*, 720 N.Y.S.2d at 37.   A refusal must "clearly convey[] an intent to interfere with the demander's possession or use of h[er] property."   *Id*.   Moreover, it is well settled under New York law that an action "will only lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question."   *Manufacturers Hanover Trust Co. v. Chem. Bank*, 559 N.Y.S.2d 704, 712 (N.Y. App. Div. 1st Dept. 1990).   Only money that is "specifically identifiable and segregated, can be the subject of a conversion action."   *Id*.

As an initial matter, Slaine's counterclaims for conversion occurring before April 1, 2013 are time-barred by the three year statute of limitations for a conversion claims under New York law.   N.Y. C.P.L.R. 214(3).   Furthermore, Defendant has not even alleged two fundamental elements of her conversion claim—that she demanded that Plaintiff return the alleged overpayments and that Plaintiff refused to comply with her request.   Nor has Defendant identified any specific account or fund that could be the subject of a conversion action as a matter of law.   Accordingly, Defendant's counterclaim for conversion cannot survive even modest scrutiny and must be dismissed under Rule 12(b)(6).

### 4.   Slaine's Faithless Servant Counterclaim is Meritless

Slaine's new counterclaim alleging faithless servant is also insufficiently pled and should be dismissed.

> Under New York law, an agent is obligated to be loyal to h[er] employer and is prohibited from acting in any manner inconsistent with h[er] agency or trust and is at all times bound to exercise the utmost *good faith and loyalty in the performance of h[er] duties*. One who owes a duty of fidelity to a principal and who is *faithless in the performance of h[er] services* is generally disentitled to recover h[er] compensation, whether commissions or salary.

*Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184 (2d Cir. 2003) (internal quotation marks and citations omitted) (emphasis added)).   The applicable duty has been described as a

"duty of loyalty and good faith." *Stanley v. Skowron*, 989 F. Supp. 2d 356, 361 (S.D.N.Y. 2013). New York courts "continue to apply two alternative standards for determining whether an employee's conduct warrants forfeiture under the faithless servant doctrine." *Carco Grp., Inc. v. Maconachy*, 383 Fed. Appx. 73, 76 (2d Cir. 2010).

> The first standard is met when the misconduct and unfaithfulness . . . substantially violates the contract of service such that it permeate[s] [the employee's] service in its most material and substantial part.  The second standard requires only misconduct [ ] that rises to the level of a breach of a duty of loyalty or good faith.

*Stanley v. Skowron*, 989 F. Supp. 2d 356, 359 (S.D.N.Y. 2013) (internal quotation marks and citations omitted).  The first standard is considered to be the more "stringent" of the two.  *Id*. at 361.

Under either standard, New York precedent is clear that a faithless servant claim requires a showing that "the employee's disloyal activity was related to the performance of h[er] duties[.]"  *Sanders v. Madison Square Garden, L.P.*, No. 06 CIV 589 GEL, 2007 WL 1933933, at *5 (S.D.N.Y. July 2, 2007).  *See also Western Elec. Co. v. Brenner*, 41 N.Y.2d 291, 295, 392 N.Y.S.2d 409, 360 N.E.2d 1091 (1977) (applying the duty of good faith to the employee's "performance of his duties") (quoting *Lamdin v. Broadwly Surface Adver. Corp.*, 272 N.Y. 133, 138, 5 N.E.2d 66 (1936)).  "New York law with respect to disloyal or faithless performances of employment duties is grounded in the law of agency, and has developed for well over a century."  *KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 368 (S.D.N.Y. 2014).  "[I]n each case in which the doctrine [has been] applied, the employer showed that the misconduct had an effect on the employee's job performance that was [] substantial and concrete . . . ."  *Sanders*, 2007 WL 1933933, at *5.  Where the "connection between an employee's alleged misconduct and their job responsibilities [w]as tenuous," faithless servant claims have been dismissed.  *Id.*  For example, in *Schwartz v. Leonard*, the Second Circuit did not find a breach of the duty of loyalty where an

attorney secretly removed immigration files to begin his own business because there was "insufficient evidence to show that the defendant neglected the files during his period of employment . . . ."  526 N.Y.S.2d 506, 508 (2d Dep't 1988).  In the case at bar, Defendant has not even alleged that Ms. De Sesto was deficient, much less disloyal, in the performance of her duties as a housekeeper.  For this reason alone, Defendant's faithless servant claim should be dismissed.

Defendant's faithless servant claim should also be dismissed because, under New York law, "duty of loyalty claims are 'limited to cases where the employee, acting as the agent of the employer, diverts business opportunities to himself or others to the financial detriment of the employer, or accepts improper kickbacks.'"  *KatiRoll Co.*, 33 F. Supp. 3d at 368 (quoting *Farricker v. Penson Dev., Inc.,* No. 07 Civ. 11191, 2010 WL 845983, at *10 (S.D.N.Y. Mar. 4, 2010) (quoting *Veritas Capital Mgmt. LLC v. Campbell,* 22 Misc.3d 1107(A), 875 N.Y.S.2d 824, 2008 WL 5491146 *10 (Sup.Ct.N.Y.Co.2008)).  *Accord Fada Int'l Corp. v. Cheung,* 57 A.D.3d 406, 870 N.Y.S.2d 23, 24 (1st Dep't 2008) (upholding the dismissal of plaintiff's duty of loyalty claim "since there is no claim that defendants used plaintiff's time, facilities or proprietary secrets in setting up their new business").  Here, Slaine has not alleged any facts that would allow a factfinder to conclude that Ms. De Sesto was an agent of her employer, *see infra* Section I.C.2, or that she diverted business opportunities to Defendant's detriment.  Having failed to allege any of these prerequisites for a faithless servant claim, Defendant's claim should be dismissed.

Moreover, the Second Circuit has noted in *Phansalkar* that the faithless servant doctrine is inapplicable "where the employer knew of and tolerated the behavior."  *Phansalkar*, 344 F.3d at 202.  As discussed above, Defendant had the legal duty, to corroborate Ms. De Sesto working

hours and wages.  *See* 29 U.S.C. § 211(c); NY Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 142–1.1 *et seq*.  Moreover, taking Defendant's allegations as true, she *actually* possessed sufficient knowledge to do so.  *See* Amended Answer ¶ 116, Schedules A–B.  Yet Defendant voluntarily made each of the payments she now alleges were fraudulently induced. Defendant cannot now claim that Ms. De Sesto was disloyal for engaging in alleged misconduct that Defendant knew or should have known of and tolerated for over five years.

Finally, New York courts applying the faithless servant doctrine have commonly relied on principles governing fiduciary relationships.  *See Sanders*, 2007 WL 1933933, at *4 (applying to faithless servant claim principles applicable to finding a fiduciary relationship and dismissing the claim where it "d[id] not entail the conclusion [of a] fiduciary responsibility. . . .").  Indeed, in her Amended Answer, Defendant herself characterizes the applicable duties under the faithless servant doctrine as "fiduciary duties, including duties of care, utmost good faith, undivided and unqualified loyalty, fair disclosure and candor."  Amended Answer, ¶ 179.  However, as discussed above, Ms. De Sesto' s position as Defendant's housekeeper did not remotely entail a conclusion that she owed any fiduciary duties to the Defendant.

The striking deficiencies in Defendant's pleadings raise the inference that her faithless servant claim has been filed for the sole purpose of punishing Ms. De Sesto for pursuing her legal rights under the FLSA and NYLL.  In New York courts, faithless servant claims as patently meritless as that which is alleged here have been grounds for a finding of retaliation in violation of the FLSA.  *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 474–75 (S.D.N.Y. 2008) (finding that an employer lacked a legitimate, non-retaliatory motive for filing faithless servant counterclaims against employees who were part of FLSA class action to recover unpaid overtime and, thus, the counterclaims amounted to retaliation in violation of the FLSA).  Ms. De

Sesto therefore requests, not only that Defendant's claim be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), but that Plaintiff be permitted to amend her complaint to add claims of retaliation under both the NYLL and FLSA.

### D.   Defendant Should Not be Granted Leave to Replead

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).   While Rule 15 instructs courts to freely give leave when justice so requires, it is well-established that leave will not be granted if the amendment is likely to create undue delay, is made in bad faith or for another dilatory motive on the part of the movant, or the movant has failed to cure deficiencies by amendments previously allowed.   *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 190 (2d Cir. 2015).   In this case, Defendant has already been granted leave to replead her counterclaims and has again failed to meet the minimum pleading requirements of Rule 9(b) and Rule 8(a).   Moreover, Defendant's counterclaims are demonstrably futile and are clearly maintained in bad faith, for the sole purpose of retaliating against Plaintiff.   *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir.1978) (finding dismissal with prejudice appropriate where the plaintiff received notice of deficiencies in complaint at time of first amendment, and, therefore, was not entitled to a "third go-around"); *Rozsa v. May Davis Grp., Inc.*, 187 F.Supp.2d 123, 132 (S.D.N.Y.2002) (dismissing action "without leave to replead" where plaintiff failed in his "second effort to state a claim"); *Levitch v. Columbia Broad. System, Inc.*, 94 F.R.D. 292, 295 (S.D.N.Y. 1982) (dismissing claims with prejudice where "evidence of bad faith and prejudice exist[ed]."). Plaintiff, therefore, requests that the Court dismiss Defendant's counterclaims with prejudice.

## II.    MOTION TO STRIKE

Under Federal Rule of Civil Procedure 12(f), a court has broad discretion to strike from a pleading "an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)). *See also Erickson Beamon Ltd. v. CMG Worldwide, Inc*., No. 12 CIV. 5105 NRB, 2014 WL 3950897, at *2 (S.D.N.Y. Aug. 13, 2014) ("Federal courts enjoy broad discretion in granting motions to strike[.]"). An allegation is considered "immaterial" or "impertinent" when it is neither responsive nor relevant to the issues at stake. *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012). To succeed on a motion to strike, the moving party must show (1) that no question of fact might allow the defense to succeed, (2) that no "substantial" question of law might allow the defense to succeed, and (3) that the moving party would be prejudiced by the inclusion of the defense. *Cognex Corp. v. Microscan Sys., Inc.*, 990 F. Supp. 2d 408, 418 (S.D.N.Y. 2013). Prejudice occurs when a defense will fail as a matter of law, as its inclusion will "increase the duration and expense of litigation." *See Coach, Inc. v. Kmart Corporations*, 756 F. Supp. 2d 421, 428 (S.D.N.Y. 2010).

Defendant's *in pari delicto* defense is predicated on the same factual allegations, and therefore suffers from the same fatal flaws as her common law fraud claim. *See Yurman Design, Inc. v. Chaindom Enterprises, Inc*., No. 99 Civ. 9307 (JFK), 2002 WL 31358991 at *2–3 (S.D.N.Y. Sept. 30, 2002) (dismissing fraud-based defense of unclean hands for failure to plead fraud with requisite particularity under Rule 9(b)). Further, the *in pari delicto* defense*,* which precludes one wrongdoer from recovering from another, applies only in the narrow circumstance of "deliberate, joint criminal activity by two parties," which is plainly inapplicable here. *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CIV 0400 (NRB), 2008 WL 4386764, at *8, fn. 8 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 Fed. App'x 535 (2d Cir. 2009). Consequently,

Defendant's *in pari delicto* defense should be stricken because it fails to assert a question of fact or law that would permit the claim to prevail.

Plaintiff also submits that in her Amended Answer Defendant has not maintained even a façade of compliance with the Court's Order.  The Amended Answer contains factual allegations pled in support of already disposed claims and completely ignores the Court's conversion of several of Defendant's affirmative defenses into specific denials.  The Court should order Defendant to strike all portions of the Amended Answer relating to Defendant's already dismissed infliction of emotional distress claims.  Amended Answer ¶¶ 98–99, 135–154.  These portions of the Amended Answer consist of incendiary allegations, wholly irrelevant to any disputed issue in these proceedings, and are presumably maintained in the Amended Answer as an inflammatory tactic.  *In re Alstom SA*, 454 F. Supp. 2d 187 (S.D.N.Y. 2006) (ordering claimant to strike claims that had previously been dismissed by the court from subsequent amended complaint, since they were immaterial to currently pending allegations and they rendered already lengthy complaint more unwieldy).  Additionally, the Court should order Defendant to convert affirmative defenses two, fifteen, twenty-one, and twenty-three into specific denials in compliance with the Court's Order.

## CONCLUSION

For the foregoing reasons, Plaintiff Marichu De Sesto respectfully requests that Defendant's amended counterclaims be dismissed and her *in pari delicto* affirmative defense be stricken.  Defendant's claims have no legal merit whatsoever and constitute retaliatory measures that threaten to prejudice Ms. De Sesto and burden this Court by unnecessarily expanding the scope and length of litigation.

Dated:  New York, New York
        May 9, 2016


Respectfully submitted,



By:   /s/  Jyotin Hamid

Jyotin Hamid (jhamid@debevoise.com)        Carmela Huang (chuang@urbanjustice.org)
Zachary Saltzman                           David Colodny (dcolodny@urbanjustice.org)
DEBEVOISE & PLIMPTON LLP                   URBAN JUSTICE CENTER
919 Third Avenue                           123 William Street, 6th Floor
New York, New York 10022                   New York, NY 10038
Tel: (212) 909-1031                        Tel: (646) 602-5600


*Attorneys for Plaintiff Marichu de Sesto*